PAMELA J. PALMIERI, SBN 98187
317 Evelyn Avenue
Roseville, Ca 95678
916-960-3538
Attorney for Christopher Alan Swendsen

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER ALAN SWENDSEN

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC;  WELLS
FARGO BANK and Does I-XX et. al.

    Defendants

Case No:  2:13-cv-02082-TLN-CKD

PLAINTIFF'S  OPPOSITION  TO  MOTION
TO DISMISS COMPLAINT AND EXPUNGE
LIS PENDENS

Date:  January 16, 2014
Time:  2:00 p.m.
Crtrm:  2, 15th Floor

---

INTRODUCTION

      Here we are five or more years after the Great Recession and five or more years after the

government passed federal and state legislation requiring that the banks stop foreclosing on

California homeowners.  The purpose of the legislation was to immediately stabilize the federal and

state economies.  Yet, maybe because the Courts have failed to definitively and expeditiously resolve

these lawsuits in favor of borrowers and send a message to the banks, Defendants like those herein,

continue to proffer dilatory motions based upon spurious  arguments. For example, Defendants herein

argue  that  Plaintiff  failed  to  respond  to  Defendants'  fraudulent  requests  for  resubmission  of

- 1 -

documents already timely submitted multiple times.  The citizens of this country know, as does this Court, that the banks untruthfully denied receiving timely submitted paperwork as part of their scam. Then the Defendants argue that Plaintiff filed bankruptcy to stop the foreclosure.  How could an argument be more obviously the work of Defendants with unclean hands?  Had Defendants done the requested modification timely, Plaintiff would not have filed bankruptcy.

This brings us to another critical point.  These dilatory motions filed by Banks, including these Defendants, present issues inappropriate for resolution except by a jury. The reason for filing bankruptcy, and the failure to include what Defendants falsely characterize as a known anticipated cause of action like the instant matter, turn on the intent of Plaintiffs herein. The intent of a party is a question of fact and cannot be resolved on motion to dismiss or summary judgment.  Not even Defendants' well-orchestrated citation of more than one hundred legal authorities in support of this motion to expunge/dismiss  can overcome this concept learned in our first year torts class.  Intent is a question of fact.

The banks have succeeded to make paupers of many of the citizens of this country while their executives and investors have become rich.  Plaintiff, a married couple, both of whom are extremely ill, perhaps terminally ill, ask this Court to do justice.  The complaint is clear enough for the Defendants to write a 22 page motion, citing over a hundred legal authorities, because they are able to pay their attorneys $400.00 and $500.00 an hour to file the same motions over and over.  The length of the papers demonstrates Defendants had no problem identifying the issues. Plaintiffs do not have anywhere near equal resources but, thankfully, the Court can swiftly dispose of Defendants' legal arguments because the Court can easily recognize right from wrong and fairness from unfairness.  It is that which guides the application of law. Accordingly, Plaintiff's response will be simple and

concise, as Defendants' arguments are fatally transparent.  Resolution for Plainitff  is a simple matter of right and wrong not to be obfuscated by contrived legal argument.

It is well known that Defendants sold the paper on Plaintiff's loan and they have no intent of doing a modification, even though one is warranted, and in fact required by federal and state legislation based upon good faith analysis. Bank investors paid Defendants billions of dollars for the paper and the insurance proceeds from the foreclosure, which include the inflated fees for foreclosure services,  are needed so that the investors cannot reach the pockets of Defendant banks.  Plaintiff shall prove this at trial through the testimony of the Attorney General and other investigators. But before Plaintiff can prove this, and before the citizens of this country get their chance to punish the banks, Plaintiff asks that this Court deny the instant motions and set this case on its way to trial.  If the Court decides to do anything other than this, Plaintiff asks for oral argument and permission to amend consistent with the Court's opinion.

II.

THE LIABILITY OF WELLS FARGO BANK IS A QUESTION OF FACT

Defendants admit in section III of their moving paper that Wells Fargo Bank is an existing entity, but without citation of evidence or authority, state that the entity Wells Fargo Bank has no interest in the loan, secured property, or the subject matter of this action.  Defendant's Oppo, p 3:13-15.  Defendants then reference in broad generalities the loan documents and recorded instruments. All of this evidence is in Defendants' possession and control.  Defendants have created a complex organizational structure which requires significant interpretation, which can vary, depending upon who is doing the interpreting.  For Wells Fargo Bank to be dismissed, Defendants must prove its noninvolvement with respect to all allegations in the complaint by admissible evidence, not by a summary statement of counsel as they have done. aThat is why Plaintiff alleges that each Defendant

is the agent of the other and that each is responsible for all acts.  This allegation was created tens of years ago to allow  Plaintiffs to seek justice when the corporate structure of Defendants is complex as it is herein.

   As another example of duplicity and exploitation of its wealth and power, Defendants argue that Plaintiff has not been diligent while audaciously stating that "the proper WFT entity has not been named or served".  Defs Mot, p. 3:23-27.  Why hide the ball?  Why don't Defendants step up to the plate if they are so confident they did no wrong? At the pleading stage, Plaintiff must identify the possible Defendants, based upon references and identification in loan documents and related paperwork, or face having proven liability without a Defendant against whom to enforce a judgment. Defendants' unclean hands create a complex artifice of self protection, this entity a subsidiary of another, that entity an agent of another … and then try to avoid being held accountable.  Defendants raise clear issues of self-serving fact, inappropriate for resolution at this stage.

   Defendant Wells Fargo Bank is referenced throughout the loan documents and related materials.  It has not proven by admissible evidence that it was not involved in the multiple acts of alleged wrongful conduct. Defendant should not be dismissed.

III.

DEFENDANTS CANNOT ASSERT JUDICIAL ESTOPPEL BECAUSE THEY HAVE UNCLEAN HANDS AND WHETHER THERE WAS POTENTIAL FOR THESE CAUSES OF ACTION IS A QUESTION OF FACT

   Defendants admit that judicial estoppel is an equitable doctrine.  Defs Motion, p. 4:13-15. Defendants cite Hamilton v. State Farm Fire & Casualty Company 270 F. 3d 778 (9th Cir. 2001) which defines judicial estoppel as an equitable doctrine.  The gist of Plaintiff's complaint  is that Defendants unlawfully failed to evaluate Plaintiff's application for loan modification in good faith as required by law.  Plaintiff further alleges that such action was part of a concerted scheme, as the

evidence will show,  to steal Plaintiff's home in order to generate insurance proceeds to pay investors, and Defendants themselves, for nonperforming loans.  The assertion of an equitable doctrine requires clean hands. "Those seeking equity must do equity" or "equity must come with clean hands".

Defendants argument also fails because it raises a question of fact.  Defendants summarily gloss over the requirement that a debtor must disclose any litigation likely to arise in a nonbankruptcy contest.  The factual issue is at the time Plaintiff filed the bankruptcy, was the present litigation likely to arise? Defendants quote from Hamilton as follows:  "As a result, Plaintiff is precluded from pursuing claims about which he had knowledge, but did not disclose, during bankruptcy proceedings." Hamilton v. State Farm Fire & Cas. Co. 270 F. 3d 778, 783 (9th Cir. 2001) at page 7:5-9. Defendants clearly admit that the criteria is whether Plaintiff had knowledge that this litigation was likely to arise. Defendants have not provided any facts showing that Plaintiff had knowledge of, or, that the present lawsuit was likely to arise. Thus, Defendants' own legal authorities defeat Defendants' argument.

IV

THE REMAINDER OF DEFENDANTS' SHOTGUN, ILLOGICAL ARGUMENTS ARE ADDRESSED HEREIN.

Defendants then argue in section V of their motion that Plaintiff is essentially alleging wrongful foreclosure under Civil Code section 2924 and that non judicial foreclosures are governed by the Civil Code and the provisions stated in the deed of trust.  Defendants cite outdated case authority in support of this argument.  Each of the case authorities cited, beginning at page 7:21-8:10, predates HAMP, and HUD Servicing regulations  which were both enacted in early 2008 on an emergency basis to stop foreclosures.  Moreover, Defendants ignore the California Homeowner's Bill

of Rights (HOBR)  effective in 2013 to identify specific violations of HAMP and the HUD Servicing regulations.  The California Homeowner's Bill of Rights simply makes specific actions per se violations of HAMP and the HUD Servicing regulations.  Defendants arguments fail because they are simply outdated.

   Defendants then argue that Plaintiff has no claim because there has not been a completed foreclosure sale.  Again, this argument fails because it is outdated by HAMP,HUD Servicing regulations  and the HOBR  which specifically outline requirements to be completed before foreclosure.

   Defendants then argue at page 9 beginning at line 22 and continuing throughout page 10 that Plaintiff's claim for violation of HAMP and HUD Servicing Regulations fail because Plaintiff does not have a private right of action.  However, that argument ignores the recent case <u>Nelson v. Bank of America</u> attached hereto   wherein it was decided that Plaintiff is the third party beneficiary of HAMP and HUD Servicing regulations.  Clearly, that is the most logical interpretation. If Plaintiff cannot sue under HAMP and the HUD Servicing regulations, why did the federal government enact them to stop foreclosures?  Certainly we all heard President Obama say this legislation was for the purpose of stopping foreclosures and protecting the citizens of this country.  Lets fulfill that intent rather than trying to find ways not to apply these protections.

    Defendants then argue that Plaintiff have the burden of overcoming the presumption of validity by pleading and proving an improper procedure and resulting prejudice.  Defendants admitted that Plaintiff pleaded wrongful procedures by stating that the complaint includes multiple such allegations. As for prejudice, again Defendants argument is outdated.  Under HAMP, HUD Servicing regulations and HOBR, Plaintiff need only prove that Defendants are attempting to foreclose.  Then the burden is on Defendants to prove compliance with HAMP, HUD Servicing Regulations and

HOBR before foreclosing.  Again whether there has been such compliance is a question of fact not proper for resolution at this stage of the litigation.

Defendants then argue that Plaintiff's first claim for violation of HAMP, HUD Servicing regulations and HOBR fails because Defendants failed to further review or modify his already modified loan.  First, Defendants have not  proven any modification (where's the paperwork) nor does Plaintiff base its case on the right to further review.  Plaintiff alleges failure to provide the required determination of qualification or not for loan modification in writing as required, failure to advise of rights of appeal and failure to truthfully acknowledge receipt of paperwork. Defendants have not proven by a preponderance of the evidence that they complied and therefore are prohibited from proceeding to foreclosure. Defendants then argue  at page 9:26 and continuing on page 10 that Plaintiff has no legal right to loan modification.  Plaintiff is not arguing that he has such a legal right. Plaintiff alleges that Defendants failed to comply with the requisites for foreclosure as set forth in HAMP, HUD Servicing regulations and HBOR.  Defendants then argue HOBR is not retroactive. That argument is without relevance because HAMP and the HUD Servicing regulations were in effect. Plaintiff is a third party beneficiary of same, and HOBR serves to identify certain actions which are per se violations of HAMP and the HUD Servicing regulations.

Defendants then interpose an argument that Plaintiff does not delineate among Defendants and Defendants then proceed to expound upon the duties of the various parties, including loan servicer, trustee etc.  Defendants then argue that it is not the function of one Defendant to do this but instead it is the function of another Defendant. Defendants' exposition is not admissible evidence but only argument of counsel and as such is irrelevant.  This is not the proper subject for a motion to dismiss. The purpose of the complaint is to provide a brief notice of the claim not to argue the entirety of the case.

Moreover, Defendants grossly mischaracterize Plaintiff's complaint by taking isolated allegations out of context and then arguing that based on that isolated allegation, Plaintiff's cause of action should fail.  Defendants' argument is misleading because it encourages the Court to dismiss an entire cause of action based on the false premise that one isolated allegation represents the whole cause of action.  For example, at page 11:18-13,  Defendants write numerous paragraphs factually disputing Plaintiff's allegation that Defendants failed to meet and consider in good faith Plaintiff's financial condition and alternatives to foreclosure. Defendants argue that they did meet or that they were not required to meet.  If Defendants say they met and Plaintiff says they did not, that is a factual question.  If Defendants argue they were not required to meet, that is a misrepresentation of HAMP and the HUD Servicing regulations, as clarified by HOBR which clearly states that good faith execution of HAMP and the HUD Servicing regulations requires such a meeting before foreclosure. Defendants' arguments that Plaintiff's alleged violations fail because Plaintiff allegedly, based upon argument by Defense counsel, received a prior loan modification and was subsequently offered another loan modification are all irrelevant and intended to mislead the Court.  Regardless of the truth or falsity of Defendants' defenses, Defendants have failed to prove by admissible evidence that the required meeting took place and that the required topics were discussed in good faith.  Dismissal is simply not proper procedurally, based upon argument of counsel, or substantively absent proof by a preponderance of the evidence.

Amazingly, Defendants without ever proving that the required meeting was conducted, argue that they were not required to conduct such a meeting, thereby admitting liability.  Defendants cite in support the inapposite legal authority that borrowers are not entitled to loan modifications referencing Civil Code section 2923 et. seq..  That appears to be an outright mischaracterization because Civil

Code section 2923 et. seq clearly defines what is required to legally deny a loan modification.  The requirement of a good faith meeting is included.

The defenses of these Defendants are disingenuous.  It is obvious their intent is and was to deny, rather than grant, loan modifications. Dismissal of any cause of action herein condones the "in your face" attitude of these Banks and mocks HAMP and the HUD Servicing regulations.

Defendants then try to obfuscate paragraph 30 of Plaintiff's complaint which clearly alleges that Defendants either failed to file the required declaration or that if they did file it, it was untrue.  Plaintiff has not been provided with discovery so Plaintiff makes allegations, both of which, if proven establish liability. If Defendants produce a document with the required statement re compliance on it, then the applicable allegation is that the declaration is untrue.  Here, as Defendants appear to be willing to admit, (but Plaintiff must first get the admission in admissible evidentiary form,) Defendants failed to file the required document of compliance.  Defendants' argument fails embarrassingly. At the pleading stage, Plaintiff is permitted to allege alternative bases for liability, again, first year civil procedure.

Defendants then go on to criticize Plaintiff for failing to attach the Notice of Default.  Defs Oppo p 13:7-9.  Once again, this is the pleading stage, and Plaintiff is not required to attach any document to the complaint.  Moreover, it is bad lawyering to do so until documents are authenticated and qualify for admission.  Since many of the documents were "robo" produced, Plaintiff will require proof of authenticity and personal knowledge before treating any document or its contents as evidence.

Defendants then argue that Plaintiff failed to allege tender.  This Court, having seen many many of these cases, knows well that tender is not required under these circumstances. A defaulted borrower who seeks to set aside a trustee's sale ordinarily is required to tender the full amount of the

debt for which the property was security. "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." *Lona v. Citibank, N.A.* (2011) 202 CA4th 89, 112, 134 CR3d 622, 640 (brackets in original); see also *West v. JPMorgan Chase Bank, N.A.* (2013) 214 CA4th 780, 801–802, 154 CR3d 285, 302—full tender allegation required when borrower seeks to set aside sale as voidable; *Shuster v. BAC Home Loans Servicing, LP* (2012) 211 CA4th 505, 512, 149 CR3d 749, 754—"as a general rule," debtors cannot set aside foreclosure sales without also alleging tender of secured debt amount; *Stebley v. Litton Loan Servicing, LLP* (2011) 202 CA4th 522, 526, 134 CR3d 604, 607—although not required to *delay* foreclosure sales, full tender must be made to *set aside* same.

There are exceptions to the tender requirement, however. For example, if the borrower wants to *prevent* the foreclosure sale, tender is not required. See *Intengan v. BAC Home Loans Servicing LP* (2013) 214 CA4th 1047, 1053–1054, 154 CR3d 727, 731–732—no tender required to pursue injunctions against foreclosure sales when lenders fail to comply with CC § 2923.5 "contact" requirement; *Mabry v. Super.Ct. (Aurora Loan Services)* (2010) 185 CA4th 208, 225, 110 CR3d 201, 213 (decided under predecessor statute) (same); see also *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 CA4th 1250, 1280–1281, 150 CR3d 673, 696–698—failure to allege tender of full amount no bar to suit seeking to enjoin pending foreclosure sale where lenders allegedly failed to comply with servicing regulations that were conditions precedent to foreclosure.

After the foreclosure sale has occurred, there are at least four additional exceptions to the tender requirement: "First, if the borrower's action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt ... Second, a tender will not be required when the person who seeks to set aside the trustee's sale has a counter-claim or set-off

against the beneficiary ... Third, a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale ... Fourth, no tender will be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face."*Lona v. Citibank, N.A., supra, 202 CA4th at 112–113, 134 CR3d at 640–641* (internal citations omitted) (action alleging, among other things, invalidity of underlying debt); see also *Multani v. Witkin & Neal (2013) 215 CA4th 1428, 1454–1456, 155 CR3d 892, 911–913*—foreclosed owner in common interest development excused from tender requirement where trustee failed to furnish statutorily-mandated notice of owner's redemption right; *Barroso v. Ocwen Loan Servicing, LLC (2012) 208 CA4th 1001, 1017, 146 CR3d 90, 103*—borrower not required to allege tender when lender foreclosed on loan after valid modification agreement cured defaults.

For all of these alleged reasons, Defendants tender argument fails resoundingly. Apparently, such argument is offered to create complexity and confusion and wear Plaintiff's counsel down. It is time for the Courts to let it be known that tactics, like trying to argue an entire case, through a motion to dismiss when all that is required is notice of the cause of action, is wrong, unfair and will not be allowed. Since when do we examine a complaint line by line at the pleading stage?

Defendants then at p 14:17-16:3 argue that Plaintiff alleges failure to comply with Civil Code section 2923.6 requiring a meeting between servicers and borrower to discuss loan modification and alternatives to foreclosure. Defendants never argue that they participated in such a meeting. Thereby Defendants have admitted liability on this point. Defendants then proceed to argue in support of the request for dismissal of this cause of action for failure to participate in the required meeting that Plaintiff is not entitled to a loan modification and has no private right to relief. Plaintiff has addressed and squarely refuted these arguments above. Moreover, the issue of entitlement to a loan modification and alleged absence of a private right of action have nothing to do with the clear

requirement that Defendants meet with borrowers in good faith to discuss alternatives to foreclosure. Defendants have no defense to their failure to participate in the required meeting so they are making up circular arguments. These arguments clearly fail.

Defendants then attempt to argue that Plaintiff's cause of action for violation of Business and Professions Code section 17200 fails. Again, Defendants fail to address all the allegations included in this cause of action. In paragraph 36 of the Complaint, Plaintiff incorporates all the allegations of the complaint. Plaintiff thereby alleges that each of the actions described in the complaint is wrongful and therefore constitutes an unlawful practice. Plaintiff has also included in this cause of action six additional wrongful acts which are violative of Business and Professions Code section 17200. Defendants failed to address any of those alleged wrongful actions, each of which on their own sustain the unfair business practices allegations.

Moreover, Defendants argue that Business and Professions Code 17200 only applies to past conduct. Defendants cite Mangini v. Aeroject-General Corp. (1991) 230 Cal. App. 3d 1125, 1155-56 which is completely inapposite. Mangini is a nuisance case which bears no factual similarity to this matter. Defendants nonsensically continue that the loan default was prior, modification requests were prior and foreclosure notices were prior. Although there were some prior acts, Defendants continue to seek foreclosure based upon these wrongful acts which they refuse to correct. Defendants' argument is plainly desperate and without legal authority of any type. Really, one set of allegations is within another and therefore not actionable? What is the authority for that novel, but desperate characterization?

Defendants argument that Plaintiff has not lost property or money as a result of Defendants conduct is incorrect. The prayer in the complaint seeks attorneys' fees because Plaintiff had to retain an attorney to force Defendants to comply with the law. Moreover, Plaintiff can seek an injunction

with out including reference to the injunction in the complaint since an injunction is a form of relief not a cause of action.  Further, Defendants have added unconscionable fees to the price to cure the default, thereby making loss of home imminent.  Disgorgement is appropriate and establishes damages and an appropriate remedy.

Defendants then argue that Plaintiff seeks the wrong remedy in that Plaintiff seeks money damages and punitive damages.  First of all, Section 17200 itself states that the remedies identified therein are cumulative and in addition to any remedies afforded by law. Plaintiff does not have to identify the remedies sought at the pleading stage but can specify such as the action proceeds depending upon the proof that develops.  Defendants fail to provide authority for their  proposition that failure to seek an injunction in the complaint is a basis for dismissal of the 17200 action.  Moreover, Defendants ignore the breadth of relief allowable as explained below.

The Unfair Business Practices Act defines "unfair competition" as any "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising ...." (§ 17200.) The Legislature intended this "sweeping language" to include " 'anything that can properly  be  called a business practice and that at the same time is forbidden by law.' "          (Barquis    v.    Merchants Collection Assn., supra, 7 Cal. 3d at pp. 111, 113, citation omitted.)  In      drafting     the     act,     the Legislature deliberately traded the attributes of tort law for speed and administrative simplicity. As a result, to state a claim under the act one need not      plead and prove the elements of a tort. Instead, one need only show that "members of the     public  are  likely  to  be  deceived."  Chern  v.  Bank  of America, supra, 15 Cal. 3d at p. 876; see also Committee on Children's Television, Inc. v. General Foods Corp., supra, 35 Cal. 3d at p.   211.   Section 17203, which incorporates the broad, statutory definition of "unfair competition," permits "any court of competent jurisdiction" to enjoin "[a]ny person performing or proposing to perform an act of unfair competition ...." (§ 17203.) The section

- 13 -

also authorizes courts to make such orders as "may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." (Ibid.) The purpose of such orders is "to deter future violations of the unfair trade practice statute and to foreclose retention by the violator of its ill-gotten gains." <u>Fletcher v. Security Pacific National Bank</u> (1979) 23 Cal. 3d 442, 449 [interpreting the nearly identical language of section 17535]; see also <u>People v. Superior Court</u> (Jayhill) (1973) 9 Cal. 3d 283, 288-289 & fn. 3. The Legislature considered this purpose so important that it authorized courts to order restitution without individualized proof of deception, reliance, and injury if necessary to prevent the use or employment of an unfair practice. <u>Committee on Children's Television, Inc. v. General Foods Corp.</u>, supra, 35 Cal. 3d at p. 211; see also <u>Fletcher v. Security Pacific National Bank</u>, supra, 23 Cal. 3d at pp. 449-453.

The acts Plaintiff has alleged are the very types of act that Business and Professions Code section 17200 is designed to punish.  The Legislative intent is clearly to allow broad and sweeping relief including the relief sought by Plaintiffs herein.

In section VI of their lengthy opposition, Defendants argue that tender is required.  Plaintiff has fully addressed the inapplicability of the tender requirement above.

Finally, Defendants argue that Plaintiff's lis pendens should be expunged because none of Plaintiff's causes of action survive.  Plaintiff responds that all causes of action should survive. Further, there should be no undertaking because individuals cannot obtain undertakings unless they place money dollar for dollar.  Most citizens of this country do not have an extra $5000 or even $1000.  Imposition of an undertaking would defeat the entire intent and purpose of the HAMP, the HUD Servicing regulations and HOBR.

CONCLUSION

Defendants have utterly failed to raise a single argument which should result in dismissal of any part of this action.  On the contrary, Plaintiff falls squarely within the class of people that HAMP and the Hud Servicing regulations were designed to protect.  Defendants are the very entities and indivuduals that these legislative enactments were intended to preclude from further foreclosures. Plaintiff asks that this Court stop foreclosures as required pursuant to these enactments. Plaintiff requests that Defendants motions be denied in their entirety and that the case be set for trial.  In the alternative, Plaintiff seeks leave to amend.

Dated:  December 30, 2013

/s/___Pamela J. Palmieri_____

Pamela J. Palmieri
Attornehy for Plaintiff